IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel KATHREAN JOHNSON, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) No. 05 C 4302 ) ) |
| CAROLYN ROBERTSON, | ) ) |
| Respondent. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Kathrean Johnson's ("Johnson") petition for a writ of *habeas corpus*. For the reasons stated below, we deny Johnson's petition for a writ of *habeas corpus* in its entirety.

## BACKGROUND

After a bench trial in the Circuit Court of Cook County, Illinois, Johnson was found guilty of first-degree murder and was subsequently sentenced to 25 years of imprisonment. On February 22, 2002, Johnson's conviction and sentence were affirmed by the Illinois Appellate Court, and her petition for leave to appeal to the

Illinois Supreme Court was denied on May 30, 2002. Johnson sought collateral review of her sentence in the Illinois courts, by filing a *pro se* petition for post-conviction relief in the Circuit Court of Cook County, which was dismissed on February 21, 2003. Johnson appealed the dismissal of her post-conviction petition to the Illinois Appellate Court, which affirmed the dismissal on August 19, 2004. On November 24, 2004, the Illinois Supreme Court denied Johnson's petition for leave to appeal, and the United States Supreme Court denied her petition for writ of *certiorari* on April 25, 2005. Johnson filed the instant petition for a writ of *habeas corpus* on July 26, 2005.

## LEGAL STANDARD

A district court may entertain a *habeas corpus* petition from a "person in custody pursuant to the judgment of a State court only on the grounds that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Pursuant to 28 U.S.C. § 2254, a writ of *habeas corpus* will not be granted unless "the applicant has exhausted the remedies available in the courts of the State; . . . or there is an absence of available State corrective process; or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A *habeas corpus* petition shall also not be granted:

> on behalf of a person in custody pursuant to the judgment of a State court . . . unless the adjudication of the claim . . . (1) resulted in a decision that

was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1-2). A decision by a state court is deemed to be "'contrary to' [the U.S. Supreme Court's] clearly established precedents if it 'applies a rule that contradicts the governing law set forth in [the Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from our precedent.'" *Early v. Packer*, 537 U.S. 3, 8 (2002)(quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). A state court need not cite to Supreme Court cases in its decision, "so long as neither the reasoning nor the result of the" state court's decision contradicts such precedent. *Early*, 537 U.S. at 8.

## DISCUSSION

In the instant action, Johnson is raising the following six claims: 1) that the evidence does not support her conviction because she called 911 to report that she was being attacked (Claim 1), 2) that her post-arrest statement to the assistant state's attorney was neither voluntary nor in the presence of an attorney (Claim 2), 3) that she received ineffective assistance of trial counsel because her attorney did not properly advise her on a number of matters (Claim 3), 4) that she was denied the right to have two witnesses testify on her behalf (Claim 4), 5) that two prosecution

3

witnesses gave inconsistent testimony (Claim 5), and 6) that she was charged with two counts of first-degree murder, which amounts to double jeopardy (Claim 6).

Respondent claims that several of Johnson's claims are procedurally defaulted because Johnson failed to raise them in her state court proceedings. A *habeas* petitioner procedurally defaults a claim when the claim "could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992)(citing *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)). Unless the petitioner can show "good cause" for the failing to present the claim to the state courts and "prejudice to the petitioner," a *habeas* petitioner is barred from raising procedurally defaulted claims in federal court. *Id.* In the instant action, Johnson did not raise at any time during her state court appeals or post-conviction proceedings her claims that: 1) her confession was involuntary or improperly given without counsel present (Claim 2), 2) she received ineffective assistance of counsel because her attorney failed to adequately advise her on certain matters (Claim 3), 3) she was denied the right to have two witnesses called in her defense (Claim 4), 4) and that her conviction violated the double jeopardy clause (Claim 6). Johnson's petition did not state any basis for this court to find that there is a sufficient cause to excuse her failure to raise these claims, and Johnson did not file response to Respondent's answer in this case. Accordingly, we find that Claims 2, 3, 4, and 6 are procedurally defaulted.

As to Claim 5, Johnson did raise the issue of the allegedly inconsistent testimony by two prosecution witnesses in her state post-conviction petition, which was filed in Circuit Court of Cook County on December 31, 2003. The Circuit Court, however, rejected Johnson's arguments regarding the allegedly perjured testimony, and Johnson did not raise the issue again when she appealed the denial of her post-conviction relief petition to the Illinois Appellate Court, or when she filed a petition for leave to appeal with the Illinois Supreme Court. Because Johnson failed to appeal the issue of perjured testimony and because she has not alleged a good cause for this failure, she is now procedurally barred from raising this claim in federal court. *Rittenhouse v. Battles*, 263 F.3d 689, 697 (7th Cir. 2001). Therefore, we find that Claim 5 is procedurally defaulted.

Johnson's Claim 1, that the evidence does not support her conviction because she called 911 to report that she was being attacked (Claim 1), is essentially an argument that the evidence in her case is not sufficient to support a conviction of first-degree murder. Even though Johnson did not specifically raise the issue of her 911 call in the Illinois Appellate Court, the Illinois Supreme Court, or her state post-conviction proceedings, she did raise the issue of whether the evidence supported her conviction in her direct appeals. The Illinois Appellate Court upheld Johnson's conviction for first-degree murder, finding that Johnson "took aim and shot [the victim] in the chest [after she] had an opportunity to 'cool off.'" (Ex. A, 10). The Illinois Appellate Court also found that Johnson's "actions were clearly

5

disproportionate to the provocation experienced and support[] the court's determination that she was guilty of first degree murder." (Ex. A, 10). A petitioner may only be granted a writ of *habeas corpus* if a state court's adjudication of an issue that was actually raised in the state court "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States [or] resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1-2). In the instant action, there is significant evidence to support Johnson's conviction for first-degree murder, including two eye-witnesses who testified for the government. For example, one of the witnesses testified that after Johnson and the victim initially argued, she left the garage for a while and, upon returning, told the witness that she had gone "home and got [her] pistol." (Ex. B, 5). Based on the evidence in this case, we find that the state courts did not make an unreasonable determination in upholding Johnson's conviction for first-degree murder. Accordingly, we deny Johnson's petition for a writ of *habeas corpus*.

## CONCLUSION

Based on the foregoing analysis, we deny Johnson's petition for a writ of *habeas corpus* in its entirety.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 5, 2006