IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel KATHREAN JOHNSON, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) ) | No. 05 C 4302 |
| CAROLYN ROBERTSON, | ) ) | |
| Respondent. | ) | |

# MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on a determination regarding a certificate of appealabilty for Petitioner Kathrean Johnson ("Johnson"). For the reasons stated below, we decline to issue a certificate of appealability.

# BACKGROUND

After a bench trial in the Circuit Court of Cook County, Illinois, Johnson was found guilty of first-degree murder and was subsequently sentenced to 25 years of imprisonment. On February 22, 2002, Johnson's conviction and sentence were affirmed by the Illinois Appellate Court, and her petition for leave to appeal to the

Supreme Court of Illinois was denied on May 30, 2002. Johnson sought collateral review of her sentence in the Illinois courts, by filing a *pro se* petition for post-conviction relief in the Circuit Court of Cook County, which was dismissed on February 21, 2003. Johnson appealed the dismissal of her post-conviction petition to the Illinois Appellate Court, which affirmed the dismissal on August 19, 2004. On November 24, 2004, the Illinois Supreme Court denied Johnson's petition for leave to appeal, and the United States Supreme Court denied her petition for writ of *certiorari* on April 25, 2005. Johnson then filed a petition for a writ of *habeas corpus* ("Petition") on July 26, 2005, which we denied on April 5, 2006. Johnson has now filed a notice of appeal and we must determine whether to issue a certificate of appealability.

**LEGAL STANDARD**

If a court denies a petition for writ of *habeas corpus* and the petitioner wishes to appeal that ruling the petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c). A court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDonnell*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

**DISCUSSION**

In the Petition, Johnson alleges that: 1) the evidence does not support her conviction because she called 911 to report that she was being attacked, 2) her post-arrest statement to the assistant state's attorney was neither voluntary nor in the presence of an attorney, 3) she received ineffective assistance of trial counsel because her attorney did not properly advise her on a number of matters, 4) she was denied the right to have two witnesses testify on her behalf, 5) two prosecution witnesses gave inconsistent testimony, and 6) she was charged with two counts of first-degree murder, which amounts to double jeopardy.

I.  Procedurally Defaulted Claims

As explained in our prior ruling, Johnson failed to properly pursue several of her arguments in the state courts and thus such arguments are procedurally defaulted. A *habeas corpus* petitioner procedurally defaults a claim when the claim "could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992). Unless the petitioner can show "good cause" for failing to present the claim to the state courts and "prejudice to the petitioner," a *habeas corpus* petitioner is barred from raising procedurally defaulted claims in federal court. *Id.*

In the instant action, Johnson failed to argue during her state court appeals or

post-conviction proceedings that her confession was involuntary or improperly given without counsel present. Neither did Johnson raise the argument that she received ineffective assistance of counsel because her attorney failed to adequately advise her on certain matters nor did she raise the argument that she was denied the right to have two witnesses called in her defense. Johnson also failed to argue that her conviction violated the double jeopardy clause. Thus, such arguments could not be pursued in the Petition and no reasonable jurist could conclude otherwise.

Johnson did raise in her state post-conviction petition the issue concerning the alleged inconsistent testimony by two prosecution witnesses. The Circuit Court, however, rejected Johnson's arguments regarding the allegedly perjured testimony, and Johnson did not raise the issue again when she appealed the denial of her post-conviction relief petition to the Illinois Appellate Court, or when she filed a petition for leave to appeal with the Supreme Court of Illinois. Since Johnson failed to appeal the issue of perjured testimony and because she has not alleged a good cause for this failure, she is now procedurally barred from raising this claim in federal court. *Rittenhouse v. Battles*, 263 F.3d 689, 697 (7th Cir. 2001). Thus, all of the above arguments by Johnson are procedurally defaulted and Johnson has failed to include any basis in the Petition that would justify her failure to raise the arguments during the state court proceedings.

II. Evidence to Support a Conviction

Johnson also argued in the Petition that the evidence does not support her

4

conviction because she called 911 to report that she was being attacked and there was thus insufficient evidence to support a conviction of first-degree murder. Even though Johnson did not specifically raise the issue of her 911 call in the Illinois Appellate Court, the Supreme Court of Illinois, or in her state post-conviction proceedings, she did generally raise the issue of whether the evidence supported her conviction in her direct appeals. The Illinois Appellate Court upheld Johnson's conviction for first-degree murder, finding that Johnson "took aim and shot [the victim] in the chest [after she] had an opportunity to 'cool off.'" (Ex. A, 10). The Illinois Appellate Court also found that Johnson's "actions were clearly disproportionate to the provocation experienced and support[] the court's determination that she was guilty" of first-degree murder. (Ex. A, 10). A petitioner may only be granted a writ of *habeas corpus* if a state court's adjudication of an issue that was actually raised in the state court "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States [or] resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1-2). Johnson has not shown that the state court decision was contrary to clearly established federal law or that the decision was contrary to the facts presented in the evidence. There clearly was sufficient evidence to support Johnson's conviction for first-degree murder, such as the testimony of two eye-witnesses who testified for the government. One of the witnesses testified that after Johnson and the victim initially argued, Johnson left the garage for a while and,

upon returning, told the witness that Johnson had gone "home and got [her] pistol." (Ex. B, 5). Thus, Johnson's argument concerning the sufficiency of evidence lacks any merit. Based on the above, Johnson has failed to make a substantial showing that she was denied any of her constitutional rights and the evidence is not such that reasonable jurists could disagree regarding the Petition. We conclude that the issues included in the Petition do not deserve further encouragement on appeal and, therefore, we decline to enter a certificate of appealability.

## CONCLUSION

Based on the foregoing analysis, we decline to enter a certificate of appealability in the instant action.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 8, 2007